**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Riccio Masahide TANAKA,**
**Defendant–Appellant.**

No. 05–10753.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2006.*

Filed Dec. 11, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Alan Hechtkopf, Samuel R. Lyons, U.S. Department of Justice Tax Division, Washington, DC, for Plaintiff–Appellee.

Jack F. Schweigert, Esq., Honolulu, HI, for Defendant–Appellant.

Before: NOONAN, HAWKINS, and THOMAS, Circuit Judges.

## MEMORANDUM **

Riccio Masahide Tanaka ("Tanaka") appeals his convictions for structuring transactions to evade currency reporting requirements and willful failure to file a tax return in violation of 31 U.S.C. § 5324 and 26 U.S.C. § 7203. We affirm.

■ The district court did not abuse its discretion by permitting the government to impeach Tanaka with evidence of his prior tax conviction. Failure to file a tax return is a crime involving dishonesty or false statement, and crimes involving dishonesty are automatically admissible for impeachment purposes under Federal Rule of Evidence 609(a)(2), and no balancing of prejudice is required. *Dean v. Trans World Airlines*, 924 F.2d 805, 811–12 (9th Cir.1991). The numerous other questions, to which Tanaka did not object at trial (or objected on different grounds), were either permissible under Rule 608(b)

as probative of Tanaka's truthfulness or untruthfulness, or did not constitute plain error because Tanaka has not demonstrated that the allegedly improper questions had an impact on the outcome of the proceeding. *United States v. Olano*, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

■ Nor did the district court plainly err by modifying the jury instruction regarding prior bad act evidence. Although the instruction could have been clearer by expressly stating that the evidence could not be considered as evidence of criminal propensity, the instruction properly identified the permissible uses of the bad acts evidence and did not enhance the prejudicial effect of the testimony. *See United States v. Brown*, 562 F.2d 1144, 1148 (9th Cir.1977); *cf. United States v. Aims Back*, 588 F.2d 1283, 1287 (9th Cir.1979). The jury was also instructed that Tanaka was not on trial for any conduct or offense not alleged in the indictment, which helped ameliorate any shortcomings in the Rule 404(b) instruction. *See United States v. Soliman*, 813 F.2d 277, 279 (9th Cir.1987). Viewing the instructions as a whole and in light of the significant circumstantial evidence against Tanaka, this instruction did not affect Tanaka's substantial rights. *Olano*, 507 U.S. at 734, 113 S.Ct. 1770.

■ Finally, there was no error in concluding, following an evidentiary hearing, that the prosecutor's remarks to Tanaka's defense counsel were not made in bad faith to disrupt Tanaka's representation by counsel of his choice. Because there was no egregious conduct by the government, there were no grounds for the extraordinary remedy of dismissing the indictment.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*See United States v. Gurolla,* 333 F.3d 944, 950 (9th Cir.2003).

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.